[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties, having agreed to bifurcate the trial of this case, appeared before the undersigned to consider the issue of liability. The hearing was held on July 7, and July 9, 1999. CT Page 9944
The plaintiff, Anthony Smith (Anthony) a minor eight years of age, was injured in the condominium complex in which he and his parents resided. He was riding on a small "big wheel" and came out into the parking lot/driveway when he was struck by an automobile driven by the defendant Barbara Tykarski. The plaintiff alleges that Ms. Tykarski was negligent in the operation of her vehicle which resulted in the injuries to Anthony. Ms. Tykarski testified that at about 6:00PM on the day in question she was on route to the hardware store; that she backed the car out of its parking space close to her unit and then drove toward the main road adjacent to the complex. She stated that just before she reached the adjacent road, Ridge Road, a short distance from where she started, that she heard a "thud", and stopped her car and then discovered that she struck Anthony who was then under her car. She screamed and help arrived after which Anthony was extricated.
The plaintiff offered the testimony of the investigating police officer Seargent Savoy who testified that he was dispatched to the scene and during the course of his investigation he spoke with the defendant Ms. Tykarski. Officer Savoy testified that Ms. Tykarski told him that she was backing up when she struck Anthony. The fact that she made this statement to the police officer was adamantly denied by Ms. Tykarski. The only other evidence that the plaintiff offered which might support his theory that the defendant was backing up when she struck Anthony was his testimony that before he left the grassy knoll area in front or near his house toward the parking area he looked to his right and saw a "white car" which he identified as Ms Tykarski's car on Ridge Road the adjacent street to the condominium complex. The inference that the plaintiff would like the court to draw was that after Anthony saw the Tykarski vehicle, if in fact it was the Tycarski vehicle, was that Ms Tykarski stopped her vehicle, and then drove in reverse back into the complex and struck the plaintiff.
On the other hand, the defendant produced the testimony of Ms. Susan Kaskie, a resident of the complex who lived in the adjacent unit to Ms. Tykarski, who stated that she was on her porch facing the parking area of the complex on the day in question and she saw Ms. Tykarski leave in her car and drive out of the driveway toward Ridge Road and then saw her car stop near the dumpster and observed the activity that ensued after it was learned that Anthony was struck. Ms. Kaskie admitted on cross CT Page 9945 examination that she did not keep her eyes on the Tykarski vehicle continuously from the point of departure to the time that she stopped her car. She testified, however, that for the very short time she may have taken her eyes off the Tykarski vehicle was not enough time for her to leave the parking area and return. It was Ms Kaskie's testimony that Ms. Tykarski stopped prior to leaving the parking area of the complex.
In any event, after considering all of the testimony and evidence, the court finds that the more credible evidence was that presented by the defendant, including her testimony, that she struck the plaintiff as she was leaving the complex and that she was not moving in reverse when the incident occurred. There was no evidence that the defendant was operating her vehicle in a negligent maimer. The plaintiff came into her path from between two parked cars, there was nothing offered. that in any way convinced the court that the defendant was not acting as a reasonable person under the circumstances. Even if the court should adopt the plaintiffs theory, which it does not, that the incident occurred when the defendant was backing up, there is no credible evidence that the Ms Tykarski was operating her vehicle negligently. Since the court has found that the defendant was not moving in reverse at the time of the incident there is no need for the court to address the argument that the defendant, because of her pregnant condition, could not have turned properly to see the plaintiff or that backing into the into the parking area was negligence in and of itself.
The court does not find that the defendant was negligent and therefore finds for the defendant as to the issue of liability. The plaintiff named as an additional defendant the owner of the Tykarski vehicle, Jason Marshall. As the owner of the vehicle Mr Marshall's liability depends on the liability of the driver Ms. Tykarski. Having found that the defendant. Ms. Tykarski was not legally responsible for the injuries sustained by the plaintiff the court will enter judgment in favor of the defendants, Barbara Tykarski and Jason Marshall.
PELLEGRINO, (J)